UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO PROPERTIES, LLC. | ) | CASE NO.1:16CV2120 |
| | ) | |
| Plaintiff and | ) | JUDGE CHRISTOPHER A. BOYKO |
| Counterdefendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, | ) | OPINION AND ORDER |
| | ) | |
| Defendant and | ) | |
| Counterclaimant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter comes before the Court upon Defendant City of Cleveland's Motion for Summary Judgment (ECF DKT #13) and Plaintiff Ohio Properties, LLC's Motion for Summary Judgment (ECF DKT #28). For the following reasons, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## FACTUAL HISTORY

Plaintiff is engaged in the business of buying and rehabilitating deteriorated properties to sell or rent. *Id.* at 5. Plaintiff acquired the property at 6905 Clement Avenue, Cleveland,

Ohio 44105, from the State of Ohio on September 20, 2010. *Id*. In September 2012, Defendant provided Plaintiff with a condemnation and demolition order for this property which provided that the property could be demolished in thirty days if not brought up to code. (ECF DKT #13 at 4). Plaintiff did not contest the condition of the property. (ECF DKT #28 at 5).

In July 2013, Plaintiff received permits to do the work required by the condemnation notice. (ECF DKT #13 at 4). The permits were granted for a term of one year. *Id*. In March 2014, Defendant did a "rough in" inspection of the property and found that Plaintiff was in partial compliance with only the electrical rehabilitation required by the condemnation notice. *Id*. In July 2014, the rehabilitation permits expired and Plaintiff never sought new permits. *Id*. In September 2015, the permits were closed as noncompliant. *Id.*

In September 2015, following the closing of the permits, Defendant sent an asbestos inspector to the property. *Id*. Photographs taken by the inspector during the inspection at 6905 Clement Avenue showed that the property was still not habitable. *Id*. Upon this finding, Defendant boarded up the house and prepared for demolition. *Id.* at 5. Plaintiff's agents admit that the repairs required by the condemnation notice were not complete at this time. (ECF DKT #28 at 6). Plaintiff also failed to contact Defendant about the property at any time following Defendant's boarding up of the property. *Id.* at 5. Defendant demolished the property on October 29, 2015. *Id*.

In Plaintiff's Complaint, three counts are alleged, including: (1) deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution; (2) taking without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution; and (3) conversion. Both

Plaintiff and Defendant have filed a Motion for Summary Judgment. (ECF DKT #1, Exhibit 3).

## LAW AND ANALYSIS

### I. Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that the Court shall grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). In asserting that a material fact can or cannot be genuinely disputed, a party must support that assertion by either citing to materials contained in the record or show that the materials cited to do or do not create a genuine issue or material fact. Fed. R. Civ. Pro. 56(c)(1). In its consideration of a motion for summary judgment, the Court need only consider those materials cited in the motion. Fed. R. Civ. Pro. 56(c)(3). The trial court is not required to search the entire record to establish that a genuine issue of material fact exists. *Tucker v. Tennessee,* 539 F.3d 526, 531 (6th Cir. 2008) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Further, "if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may determine that that fact is undisputed. Fed. R. Civ. Pro. 56(e)(2).

### II. Plaintiff's Due Process Claim

Both parties have moved for summary judgment on Plaintiff's due process claim. In its Complaint, Plaintiff alleges that Defendant violated its due process rights when it demolished Plaintiff's property at 6905 Clement Avenue. In order to be successful in a procedural due process claim, Plaintiff must establish that it: 1) had a life, liberty or property interest protected by the Due Process Clause, 2) was deprived of the protected interest and 3)

the state "did not afford him adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) (citing *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)). In cases concerning real property, "due process does not require that a property owner receive actual notice before the government may take his property." *Jones v. Flowers*, 547 U.S. 220, 226 (2006). The Supreme Court has instead stated that due process only requires that the government provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co. et. al.*, 339 U.S. 306, 314 (1950).

It is undisputed that in September 2012, Defendant notified Plaintiff that its property at 6905 Clement Avenue was condemned. It is also undisputed that the condemnation notice allowed Defendant to demolish the property after thirty days if the property was not brought up to code. Plaintiff admits that the condemnation and demolition notice provided Plaintiff with the opportunity to appeal but Plaintiff did not do so. Three years later in September 2015, Defendant sent an inspector to the property. Based on the photos taken during the inspection, Ayonna Donald, the Interim Director of the City of Cleveland Department of Building and Housing, determined that the structure was not habitable. After making this determination, Defendant demolished the property on October 29, 2015.

Plaintiff argues, however, that as of September 2015, it had satisfied the requirements put in place by the Housing Court for this property. Plaintiff's allegations regarding the Housing Court are without merit as Plaintiff fails to cite any evidence from the Housing Court and instead wholly relies on its own unsubstantiated evidence. Plaintiff's Motion for Summary Judgment is completely devoid of any documents, orders or records from the

Housing Court. As the trial court is not required to search the record to establish that a genuine issue of material fact exists, it follows that the Court is not obligated to search beyond the record for those documents on which Plaintiff relies. Although not obligated to do so, the Court did in fact search the Housing Court's docket and was unable to verify Plaintiff's representations. Further, Plaintiff fails to allege that compliance with a Housing Court order would prevent Defendant from making its own determination that the property was uninhabitable and subsequently demolishing the property. Although Plaintiff discusses its involvement with the Housing Court at length, it has failed to create a genuine issue of material fact in doing so.

Plaintiff also alleges that by October 2015, it had spent over $23,000 on rehabilitation expenses and had rectified about 80-90% of the cited violations on the condemnation and demolition order. However, Plaintiff again fails to provide the Court with any evidence that it had spent any money on rehabilitation costs or rectified any of the cited violations in the condemnation and demolition order. Plaintiff provides nothing to substantiate its claims aside from its own testimony. Even construing the facts in the light most favorable to Plaintiff, assuming that 80-90% of the cited violations had been rectified by October 2015, Defendant still had the right to demolish the house if the violations were not fully abated by Plaintiff within thirty days of its receiving the initial condemnation and demolition notice. Plaintiff has also failed to present evidence that 80-90% compliance rendered the house habitable or safe. Therefore, even if Plaintiff abated 90% of the violations by October 2015, pursuant to Sections 3103.09, 367.04, 369.19 and 369.12 of the Codified Ordinance of the City of Cleveland, Defendant had the right to demolish the property at 6905 Clement Avenue upon a determination that 100% of the violations were not abated within thirty days of the initial

notice. Plaintiff admits that over three years after receiving the initial notice all of violations were not fully abated and has therefore failed to establish that a genuine issue of material fact still remains.

As Plaintiff admits that Defendant provided it with a notice of condemnation and demolition that contained a right to appeal and that it did not fully abate the conditions listed in the initial notice within thirty days of its receipt, Plaintiff has failed to establish that Defendant violated its due process rights. Therefore, Defendant is entitled to summary judgment on Plaintiff's due process claim.

### III. Plaintiff's Takings Claim

Both parties have moved for summary judgment on Plaintiff's takings claim. In its Complaint, Plaintiff alleges that the demolition of the property at 6905 Clement Avenue constitutes a compensable taking under the United States Constitution. In order to be successful in its takings claim, Plaintiff must establish that it attempted to obtain compensation through the established state procedures and was denied such compensation before bringing its federal takings claim. *Macene v. MJW, Inc.,* 951 F.2d 700, 704 (6th Cir. 1991) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 192 (1985)). Until a property owner has done so, any federal takings claim is not ripe. *Williamson*, 473 U.S. at 194.

In Ohio, a property owner who believes that his property has been taken in the absence of an appropriate proceeding "may initiate a mandamus action in Ohio court to force the government actor into the correct appropriation proceeding." *Coles v. Granville,* 448 F.3d 853, 861 (6th Cir. 2006). The Sixth Circuit has held that if a property owner fails to request a mandamus from the state before filing his complaint in federal court, his case is not yet ripe

for review as the federal courts lack jurisdiction to hear the property owner's takings claim at that time. *Id*. at 865.

In the instant case, there is no dispute that Plaintiff was afforded the opportunity to appeal the condemnation and demolition notice. There is also no dispute that the property at 6905 Clement Avenue was not in full compliance with the condemnation and demolition notice at the time of demolition. Further, Plaintiff has failed to request mandamus from the state subsequent to the demolition of the property and before filing its Complaint in this Court. As such, its case is not yet ripe for review by this Court as this Court lacks jurisdiction to hear Plaintiff's case at this time. Therefore, Defendant is entitled to summary judgment on Plaintiff's takings claim.

### IV. Plaintiff's Conversion Claim

Both parties have moved for summary judgment on Plaintiff's conversion claim. O.R.C. § 2744.02(A)(1) provides:

> a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

Plaintiff argues that because its conversion claim is rooted in Defendant's violation of due process, Defendant is precluded from immunity under O.R.C. § 2744.02(A)(1). However, as previously stated, Defendant did not violate Plaintiff's due process rights when it demolished the property at 6905 Clement Avenue. Because Plaintiff failed to establish that Defendant violated its due process rights, it follows that Plaintiff cannot sustain a conversion claim that is rooted in a violation of due process. As Defendant did not violate Plaintiff's due process rights in demolishing the property, Defendant is entitled to immunity under O.R.C. §

2744.02(A)(1). Therefore, Defendant is entitled to summary judgment on Plaintiff's conversion claim.

### V. Defendant's Counterclaim

Both parties have moved for summary judgment on Defendant's counterclaim. In its counterclaim, Defendant is seeking damages for the cost of demolition of the property at 6905 Clement Avenue totaling ten-thousand and eighteen dollars ($10,018.00). Cleveland Codified Ordinance § 3103.09(k)(1) provides, "any and all expenses or costs . . incurred under this section relating to the demolition . . . or boarding of a building or structure . . . shall be paid by the owner of such building or structure." It is undisputed that Plaintiff was the owner of the demolished property. Because Defendant demolished the property in compliance with Cleveland Codified Ordinance § 3103.09 and did not violate Plaintiff's due process rights in doing so, Plaintiff must pay the Defendant's demolition costs. Therefore, Defendant is entitled to summary judgment on its counterclaim.

### CONCLUSION

For all the above-mentioned reasons, the Court GRANTS Defendant's Motion for Summary Judgment on its counterclaim in the amount of ten-thousand and eighteen dollars ($10,018), DISMISSES Plaintiff's takings claim without prejudice subject to Plaintiff exhausting its state administrative procedures and DISMISSES Plaintiff's due process and conversion claims with prejudice.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: March 22, 2018**